IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLEN MEDICAL SYSTEMS, INC. and HILL-ROM SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MIZUHO ORTHOPEDIC SYSTEMS, INC. D/B/A MIZUHO OSI, <br><br> Defendant. | Civil Action No. 21-1739-CFC |

Pilar G. Kraman and Robert M. Vrana, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware; Douglas J. Nash, John D. Cook and Genevieve M. Halpenny, BARCLAY DAMON LLP, Syracuse, New York; Naresh K. Kannan, BARCLAY DAMON LLP, Albany, New York

    *Counsel for Plaintiffs*

Brian M. Rostocki and Anne M. Steadman, REED SMITH LLP, Wilmington, Delaware

    *Counsel for Defendant*

**MEMORANDUM OPINION**

April 7, 2022
Wilmington, Delaware

*[signature]*

COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs Allen Medical Systems, Inc. and Hill-Rom Services, Inc. have sued Defendant Mizuho Orthopedic Systems, Inc. d/b/a Mizuho OSI for patent infringement. Pending before me is Mizuho's motion to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). D.I. 15.

## I. BACKGROUND

Plaintiffs are Indiana corporations with principal places of business in Chicago, Illinois. D.I. 1 ¶¶ 2–4. Mizuho is a Delaware corporation with its principal place of business in Union City, California. D.I. 1 ¶ 6. Mizuho designs and manufactures tables and other products used for surgeries. D.I. 1 ¶ 11; D.I. 20 at 2. Plaintiffs accuses four Mizuho surgery tables and associated products of infringing Plaintiffs' patents. D.I. 1 ¶ 50.

## II. DISCUSSION

### A. Legal Standards

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Mizuho contends, and Plaintiffs do not dispute, that this action could have been brought in

the Northern District of California. D.I. 20 at 3. Thus, the only issue before me is whether I should exercise my discretion under § 1404(a) to transfer the case to the Northern District of California.

Mizuho has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This burden is heavy. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (emphasis added) (internal quotation marks and citation omitted).

Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the Third Circuit identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted). The other six interests are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty

2

> in the two fora resulting from court congestion; [10] the
> local interest in deciding local controversies at home;
> [11] the public policies of the fora; and [12] the
> familiarity of the trial judge with the applicable state law
> in diversity cases.

*Id.* at 879–80 (internal citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

### 1. Plaintiff's Forum Preference

In *Shutte*, the Third Circuit held that "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request" brought pursuant to § 1404(a), and that this choice "should not be lightly disturbed." 431 F.2d at 25 (internal quotation marks and citation omitted). *Jumara* cited *Shutte* favorably and reiterated *Shutte*'s admonition that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (internal quotation marks and citation omitted). Accordingly, this factor weighs strongly against transfer.

### 2. Defendant's Forum Preference

This factor weighs in favor of transfer.

### 3. Whether the Claims Arose Elsewhere

It is undisputed that Mizuho designed, developed, and manufactured the accused products in the Northern District of California. The connection between

3

those efforts and the Northern District favors transfer. *See In re Hoffmann–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). On the other hand, patent claims arise wherever the allegedly infringing products are sold. *See Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016). Plaintiffs contend that this factor weighs against transfer because Mizuho's sales of the accused products in Delaware—regardless of the actual dollar amount of sales—give rise to Plaintiffs' infringement claims. D.I. 20 at 7. Mizuho acknowledges that it sells the accused products in Delaware but asserts that its Delaware sales comprise a "miniscule" 0.32% of its overall sales of the accused products, while its California sales account for 10.1%. D.I. 16 at 4, 9. Overall, this factor weighs slightly in favor of transfer.

### 4. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

"[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). Mizuho is incorporated in Delaware. To establish "inconvien[ce]," therefore, Mizuho must show that it would face "a unique or unexpected burden" in having to litigate this case in this District.

California would be a more convenient forum for Mizuho than Delaware, as Muzuho's witnesses and documents are in California. But Plaintiffs have a

4

"substantial presence" in Massachusetts, making it easier for relevant employees and named inventors on the patents-in-suit—most of whom reside on or near the East Coast—to travel to Delaware than to California. D.I. 20 at 9–10. Because this District is more convenient for the Plaintiffs, and Delaware is not a particularly inconvenient forum for Mizuho, the convenience of the parties weighs slightly against transfer.

### 5. The Convenience of Witnesses

According to Mizuho, this factor favors transfer "[b]ecause several likely non-party witnesses are within the subpoena power of the Northern District of California, and none are within the subpoena power of this Court," including Gregory Hirth and Mark Diel, who "were each the Director of Research and Development at Mizuho during the design and development of the accused Trios and ProAxis tables" and "are co-inventors on patents embodying these accused products." D.I. 16 at 11–12. Plaintiffs contend that this factor is neutral because Mizuho has not shown that the two former Mizuho employees "would refuse to voluntarily appear in Delaware for trial if asked to do so," and has not otherwise "identif[ied] any witness who is unwilling to testify at trial in Delaware." D.I. 20 at 11. But it is true that the non-party witnesses located in California cannot be compelled by Mizuho or this Court to testify in a trial in Delaware. Moreover, in considering this factor, "the Court should be particularly concerned not to

5

countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012). Accordingly, this factor favors transfer.

### 6. Location of Books and Records

This factor favors transfer because Mizuho's relevant documents and physical evidence—including the "bulky surgical tables" accused of infringement—are located in California, and it would be more difficult and expensive to transport them to Delaware than to a courthouse in the Northern District. D.I. 16 at 13.

### 7. Enforceability of the Judgment

The parties agree that this factor is neutral and/or inapplicable. *See* D.I. 16 at 14; D.I. 20 at 13.

### 8. Practical Considerations

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. This factor favors transfer, as neither Plaintiffs nor Mizuho has a connection with Delaware other than Mizuho's incorporation status. Witnesses and evidence are located in California but not in Delaware.

6

### 9. Relative Administrative Difficulty Due to Court Congestion

Given the districts' relative caseloads, this factor favors transfer. According to the most recent data provided by the Administrative Office of the United States Courts, between January 1, 2021 and December 31, 2021 there were 953 weighted filings per judge in this District, as compared to 816 weighted filings per judge in the Northern District of California. *See* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/12/31-1. Weighted filings "account for the different amounts of time district judges require to resolve various types of civil and criminal actions." Admin. Office of the U.S. Courts, *Explanation of Selected Terms*, https://www.uscourts.gov/sites/default/files/explanation-selected-terms-district-march-2012_0.pdf. Cases that require substantially more judicial resources than the average civil case because of their complexity and scope receive a higher weight. *Id.*

I am also of the view that the weighted filing figures do not always accurately reflect the burdens imposed on district courts by patent cases, which are especially complex and time-consuming to adjudicate. According to data aggregated by the LexisNexis Litigation Analytics tool, as of February 12, 2022, there were 970 open patent cases in the District of Delaware as compared to 267

7

open patent cases in the Northern District of California.[1] The disparity in the courts' burdens is compounded by the fact that the District of Delaware currently has only three district judges, while the Northern District of California has 19 sitting district judges (eight of whom have taken senior status). *See* https://www.cand.uscourts.gov/judges; *see also* https://cdn.ca9.uscourts.gov/datastore/ce9/2022/Corley_Jacqueline_Scott_CAN_Confirmed.pdf.

### 10. Local Interest in Deciding Local Controversies at Home

The parties agree that this factor is neutral. *See* D.I. 20 at 16; D.I. 24 at 11.

### 11. Public Policies of the Fora

The parties agree that this factor is neutral and/or inapplicable. *See* D.I. 16 at 14; D.I. 20 at 13.

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

The parties agree that this factor is neutral and/or inapplicable. *See* D.I. 16 at 14; D.I. 20 at 13.

\* \* \* \*

---

[1] *Courts & Judges Comparator, Comparison Between District of Delaware (D.Del) and Northern District of California (N.D.Cal) for Cases Pending Between 2009-01-01 and 2022-2-12*, LEXISNEXIS (last visited April 5, 2022) (on file with court).

8

In sum, of the 12 *Jumara* factors, four factors are neutral, two factors weigh against transfer, and six factors weigh in varying degrees in favor of transfer. Although Plaintiffs' forum choice is of paramount importance, when considered in their totality, the *Jumara* factors weigh strongly in favor of transfer. I will therefore grant Mizuho's motion to transfer the case to the Northern District of California.

The Court will issue an Order consistent with this Memorandum Opinion.